## CIRCUIT COURT OF FAIRFAX COUNTY

Pevahouse

v.

Baker

April 12, 2000

Case No. (Chancery) 164850

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on Plaintiff's Motion for an Order of Default.

While the Court recognizes that the Subpoena in Chancery and Bill of Complaint were sent to Wayne D. Berthelsen, Esquire, who Mr. Fireison has represented to the Court is Mr. Baker's attorney and was authorized to accept service on his behalf, this method of delivery of the pleadings and the proof of service is insufficient as a matter of law for entry of an order of default. See Va. Code § 8.01-296. While service upon Mr. Berthelsen in the manner described would be sufficient for the maintenance of this suit under Va. Code § 8.01-288 if process actually reached Mr. Baker, there is no evidence before the Court that it has done so.

Further, while the Court may enter an order of default in a Chancery case, the Court declines to do so in this proceeding without hearing evidence because it is not in the best interest of the child. If, after Ms. Pevahouse effects proper service upon Mr. Baker, Mr. Baker does not file a responsive pleading within twenty-one days, Ms. Pevahouse may set this matter for a hearing and present *ex parte* proof of paternity and wage and expense information suitable for determination of child support and related matters. This Court will enter an appropriate order on default only after proper service, the expiration of twenty-one days after proper service, and hearing *ex parte* proof.